UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST KING,

      Petitioner,

                              Case No. 8:15-CV-2018-T-24MAP
                                      8:06-CR-110-T-24MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

O R D E R

    This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-186), his memorandum of law in support (Cv-D-2), the Government's response in opposition thereto (Cv-D-13), and Petitioner's Request to Supplement According to Civil Procedure Rule 15(a) in the Interest of Justice (Cv-D-12).

    By way of background, in June 2006, Petitioner was charged in a Superseding Indictment with conspiracy to possess with the intent to distribute five (5) kilograms or more of cocaine (Counts One and Two), knowingly carrying a firearm during and in relation to a drug trafficking crime (Count Three), and possession of a firearm by a convicted felon (Count Six).  (Cr-D-26.)  On June 17, 2006, the Government filed a notice of prior conviction pursuant to 21 U.S.C. § 851 advising that Petitioner had a prior felony drug conviction and, if convicted of Counts One and Two, he was subject to an enhanced mandatory minimum sentence of 20 years imprisonment.  (Cr-

D-29.)

On October 11, 2006, the Government filed its Notice of Maximum Penalties, Elements of the Offense, and Factual Basis. (Cr-D-67.) Therein, the Government advised the Petitioner faced a minimum mandatory sentence of imprisonment of 20 years and a maximum sentence of life imprisonment as to Counts One and Two; a minimum term of imprisonment of five years and a maximum of life imprisonment as to Count Three, said term of imprisonment to run consecutively to any other term of imprisonment imposed; and a mandatory minimum of 15 years imprisonment and a maximum term of life imprisonment as to Count Six. On October 13, 2006, Petitioner entered a straight up guilty plea to Counts One, Two, Three and Six of the Superseding Indictment. (Cr-D-190.) At the guilty plea hearing, the magistrate judge advised Petitioner of the minimum and maximum penalties associated with the offenses. (<u>Id.</u> at p. 6-8.) Petitioner acknowledged that no promises had been made to convince him to plead guilty. (<u>Id.</u> at p. 4-5.)

Thereafter, Probation issued a Presentence Investigation Report ("PSI"). According to the PSI, Petitioner qualified for a career offender enhancement because he had two prior convictions for crimes of violence (robbery and armed robbery with a firearm). (PSI ¶ 36.) Probation also determined that Petitioner was subject to an armed career criminal enhancement resulting in a mandatory term of imprisonment of 15 years as to Count Six. (PSI ¶ 40 and

2

99.)

On March 6, 2007, the Court sentenced Petitioner to a term of imprisonment of 240 months as to Counts One, Two, and Six to run concurrent and a consecutive 60-month term of imprisonment as to Count Three.[1]  Petitioner did not appeal.

On August 25, 2015, more than eight years after Petitioner's sentencing, Petitioner filed a § 2255 motion claiming that he is actually, factually and legally innocent of the armed career offender enhancement, the sentencing enhancement pursuant to 21 U.S.C. § 851, and the career offender enhancement.  He claims his counsel was ineffective in failing to raise these claims earlier. Petitioner further claims his counsel misinformed him that he faced a mandatory life sentence if he proceeded to trial and, as such, his plea was involuntary.  Finally, he claims his attorney refused to file an appeal despite Petitioner's request.  Petitioner requests that he be resentenced without the armed career criminal enhancement.

In his motion to amend, Petitioner, relying on Johnson v. United States, 135 S.Ct. 2551 (2015), claims that his sentence is unconstitutionally vague and in violation of the Fifth Amendment. He also claims that various Guideline provisions violate Johnson's ruling that the residual clause of the Armed Career Criminal Act is

---

[1] There is no transcript of the sentencing hearing.  The court reporter advised that the material is not available.  See Cv-D-13, p. 2, n.2.

3

unconstitutional and, as such, the enhancements also violate the Fifth Amendment.

The Government responds that the majority of Petitioner's claims are time barred. It concedes that Petitioner timely challenges his armed career criminal and career offender designations pursuant to <u>Johnson</u>, but contends that Petitioner is nonetheless not entitled to relief.

## Discussion

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. § 2255(f). Unless one of the three exceptions applies as provided in § 2255(f)(2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where the defendant does not pursue a direct appeal, his conviction becomes final when the time expires for filing a direct appeal. <u>Mederos v. United States</u>, 218 F.3d 1252, 1253 (11th Cir. 2000).

Petitioner's conviction became final on March 29, 2007, when his time to file a notice of appeal of the judgment expired.[2] He had one year from that date, until March 29, 2008, to file a § 2255 motion. Therefore, unless he can show one of the exceptions

---

[2] At the time of Petitioner's sentencing, a notice of appeal had to be filed within 10 business days after the entry of the judgment. Fed.R.App.P. 4(b)(1)(A)(I) (2007). The Court entered the Judgment in a Criminal Case on March 12, 2007. (Cr-D-129.)

applies, Petitioner's claims are time-barred because he filed the instant § 2255 motion on August 25, 2015, which is clearly past the one-year deadline from the date on which his conviction became final.

I.   Petitioner's Johnson's Claims

Petitioner argues that he is actually innocent of the ACCA enhancement, the § 851 enhancement, and the career offender enhancement in light of the Supreme Court's recent ruling in Johnson.  While no court within the Eleventh Circuit has held that Johnson is retroactive on collateral review for purposes of a first petition, the Government concedes retroactivity.[3]  Given the Government's concession, the Court assumes Petitioner's Johnson claims are timely.

A.   ACCA Enhancement

Section 924(e)(1) provides for a minimum mandatory sentence of 15 years for any person who is convicted of being a felon in possession of firearms or ammunition under § 922(g) and has three previous convictions for a violent felony or serious drug offense.

---

[3] The Eleventh Circuit in In re Rivero, 797 F.3d 986, 989 (2015), found that Johnson does not apply retroactively to cases seeking successive collateral relief.  The Eleventh Circuit confirmed that ruling recently in In re Franks, --- F.3d ----, No. 15-15456, 2016 WL 80551 (11th Cir. Jan 6, 2016).  The court in Rivero, however, noted in dicta that "if Rivero-like the petitioner in Bousley — were seeking a first collateral review of his sentence, the new substantive rule from Johnson would apply retroactively.  797 F.3d at 991.  The United States Supreme Court recently granted certiorari to decide the issue of retroactivity. Welch v. United States, No. 15-6418, ---- S.Ct. ----, 2016 WL 90594, at *1 (U.S. Jan. 8, 2016).

18 U.S.C. § 924(e)(1).  The statute defines a "violent felony" as a crime punishable by imprisonment of more than one year that:

> (I)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B).  The last clause of § 924(e)(2)(B)(ii) was commonly referred to as the "residual clause." <u>United States v Petite</u>, 703 F.3d 1290, 1293 (11th Cir. 2013).

The Supreme Court in <u>Johnson</u> held that the "residual clause" of the ACCA violates the Constitution's guarantee of Due Process due to vagueness.   135 S.Ct. at 2557-58.   The Supreme Court specifically noted that it did "not call into question application of the Act to the four enumerate offenses, or the remainder of the Act's definition of a violent felony." <u>Id.</u> at 2563.

Thus, the question here is whether Petitioner's armed career criminal designation still stands after <u>Johnson</u>.   Among Petitioner's criminal history are convictions for robbery, carrying a concealed firearm, resisting an officer with violence, possession of cocaine and marijuana, armed robbery with a firearm, and fleeing and eluding law enforcement.   A review of the PSI shows that it does not indicate which prior convictions were the predicate offenses for armed career criminal enhancement.   (PSI ¶ 40.) Petitioner contends that his convictions for carrying a concealed

firearm, resisting arrest with violence, and fleeing and eluding law enforcement do not constitute violent felonies.

The Government concedes that fleeing and eluding no longer qualifies as a violent felony.  (Cv-D-13, p. 9.)  Furthermore, the Eleventh Circuit recently found that a Florida aggravated fleeing and eluding conviction can no longer be considered a violent felony for purposes of ACCA enhancement.  United States v. Petrucelli, No. 14-13469, --- Fed. Appx. ----, 2016 WL 66701, at *2 (11th Cir. Jan. 6, 2016) (per curiam).  As such, Petitioner's 2004 conviction for fleeing and eluding law enforcement (PSI 54) is not a predicate conviction for purposes of the armed career criminal enhancement.

Similarly, Petitioner's 1990 conviction for carrying a concealed firearm (PSI ¶ 49) is also not a predicate offense.  In this regard, the Florida offense of carrying a concealed weapon is no longer considered a violent felony to enhance a defendant's sentence under the ACCA.  United States v. Canty, 570 F.3d 1251, 1255 (11th Cir. 2009).

However, Petitioner's convictions for robbery in Case Number CRC90-11895CFANO in the Circuit Court for Pinellas County (PSI ¶ 48) and armed robbery with a firearm in Case Number 96-1411-CFC in the Circuit Court of Alachua County (PSI ¶ 53) both constitute violent felonies for purposes of the ACCA.  Specifically, the Eleventh Circuit has repeatedly found that robbery under Florida law constitutes a violent felony under the elements clause of the

ACCA.  United States v. Johnson, --- Fed. Appx. ----, 2015 WL 7740578, at *6 (11th Cir. Dec. 2, 2015) (per curiam) (Florida armed robbery is a predicate felony "which has as an element the threatened use of force against the person of another"); Yawn v. FCC Coleman - Medium Warden, 614 Fed. Appx. 644, 645 (11th Cir. 2015) (per curiam) ("Yawn was convicted of armed robbery, Fla. Stat. § 812.13, which qualifies as a violent felony because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another,' 18 U.S.C. § 924(e)(2)(B)(I)"); United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006) ("Dowd's January 17, 1974, armed robbery conviction is undeniably a conviction for a violent felony"); accord United States v. Oner, 382 Fed Appx 893, 896 (11th Cir. 2010) (per curiam) (district court did not err in finding Oner's conviction for Florida armed robbery qualified as a violent felony).

Here, the Government presented evidence demonstrating that Petitioner was convicted of two counts of robbery in violation of Fla. Stat. § 812.13 on January 7, 1991 and sentenced as a youthful offender to a term of four years. Petitioner was also convicted of robbery with a firearm, deadly weapon in violation of Fla. Stat. § 812.13 on December 17, 1996 and sentenced to 118.8 months. Given the controlling law of the Eleventh Circuit, these two convictions qualify as predicate convictions for the armed career criminal

enhancement.[4]

Petitioner's third predicate conviction for purposes of the armed career criminal enhancement is for resisting an officer with violence in Case Number CRC90-11896CFANO-C in violation of Fla. Stat. § 843.01 dated January 7, 1991.   (Cv-D-13-1, p. 14.) Recently, the Eleventh Circuit in United States v. Hill, 799 F.3d 1318, 1322-23 (11th Cir. 2015) (per curiam), determined, post-Johnson, that a Florida conviction for "resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA."

Because the Government has proved that Petitioner still has three predicate violent felony convictions, Petitioner's armed career offender designation was not in error and he is not entitled to relief as to this claim.[5]

B.   Sections 841 & 851 Statutory Enhancement

Johnson does not apply to Petitioner's claim relating to the

---

[4] The fact that Petitioner was sentenced as a youthful offender does not prevent the conviction from being counted as a predicate offense. "[A] prior state conviction for which the defendant was sentenced as a youthful offender under state law may be counted as a predicate offense for ACCA purposes so long as the defendant received an adult conviction and a sentence of more than one year and one month." United States v. Ortiz, 413 Fed. Appx. 114, 119 (11th Cir. 2011) (per curiam) (citation omitted). According to the PSI, Petitioner was certified to adult court prior to his entry of a guilty plea.  (PSI ¶ 48.)   As indicated, Petitioner was sentenced to a term of imprisonment of four years.  (Id.)

[5] As Petitioner has three violent felonies, the Court need not address whether either of Petitioner's drug offenses constitutes a "serious drug offense" for purposes of the armed career criminal enhancement.

his 20-year mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.   Section 841(b)(1)(A) provides that, "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment...."   21 U.S.C. § 841(b)(1)(A).   A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).   The definition of "felony drug offense" set forth in § 802(44) and not the ACCA controls the enhancement under § 841.

According to the PSI, Petitioner was convicted of possession of cocaine (Case No. CRC95-3943CFANO).   (PSI ¶ 51.)   A conviction for possession of cocaine pursuant to Fla. Stat. § 893.13(6)(a) constitutes a felony drug offense.   <u>United States v. Neal</u>, 520 Fed. Appx. 794, 795 (11th Cir. 2013) (per curiam); <u>United States v. Vereen</u>, 173 Fed. Appx. 810 (11th Cir. 2006) (per curiam).   Thus, Petitioner's drug offense qualified as a felony drug offense that enhanced his mandatory minimum sentence as to Counts One and Two to 20 years.   As such, the § 851 enhancement was properly applied as to those Counts.

Petitioner argues his drug offense cannot constitute a felony drug offense because Florida law lacks a mens rea element. In support of his contention, Petitioner relies on Descamps v. United States, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Descamps does not apply retroactively on collateral review. Abney v. Warden, 621 Fed. Appx. 580, 584 (11th Cir. 2015) (per curiam).

Furthermore, Petitioner fails to recognize that his prior drug conviction for possession of cocaine was in 1995 when guilty knowledge was required as an element of the Florida offense. Chicone v. State, 684 So.2d 736, 738, 743-44 (Fla. 1996) (finding guilty knowledge of the presence of the substance as well as knowledge of illicit nature of the items he possessed are elements of the crime); Scott v. State, 808 So.2d. 166, 170-72 (Fla. 2002).[6] Thus, even if Descamps were applicable here, Petitioner would not be entitled to relief.

C.   Career Offender and Other Sentencing Guidelines Claims

Petitioner's Johnson claims as they relates to the career offender enhancement as defined in U.S.S.G. § 4B1.1 and the other Guideline sections are without merit.[7] The Eleventh Circuit has

---

[6] In 2002, the Florida Legislature enacted Florida Statute § 893.01 providing that "knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter." Fla. Stat. § 893.101(2).

[7] In addition to the career offender guidelines, Petitioner claims U.S.S.G. § 2K2.1 is unconstitutional. A review of the PSI demonstrates that § 2K2.1 was not applied in determining Petitioner's guideline range.

held that "the decision of the Supreme Court in <u>Johnson</u> is limited to criminal statutes that define elements of a crime or fix punishments" and does not apply to the advisory sentencing guidelines. <u>United States v. Machett</u>, 802 F.3d 1185, 1193-94 (11th Cir. 2015). As such, Petitioner is not entitled to relief.

Furthermore, even assuming arguendo that <u>Johnson</u> invalidated the residual clause of § 4B1.2(a)(2), Petitioner's career offender designation would still stand because Petitioner has two robbery offenses that constitute "crimes of violence."[8] <u>United States v. Lockey</u>, 632 F.3d 1238, 1241-45 (11th Cir. 2011) (Florida attempted robbery satisfies elements clause of § 4B1.2(a)).

D.   <u>Johnson</u>-related Ineffective Assistance Claim

Petitioner's <u>Johnson</u>-related ineffective assistance of counsel claim also fails. Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In order to succeed under the <u>Strickland</u> test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting therefrom. <u>Id.</u> at 687.

The first prong of the <u>Strickland</u> test requires the Court to determine whether trial counsel performed below an "objective

---

[8] Petitioner's claim that his Florida drug convictions do not meet the definition of "controlled drug offenses" for purposes of the career offender enhancement is irrelevant. The PSI demonstrates that the enhancement was not based on any drug offense. (PSI ¶ 36.)

standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690.   Notably, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment.   Id.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct.   Strickland, 466 U.S. at 690.   "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy."   Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take."   Chandler, 218 F.3d at 1315.

With regard to the second prong, a reasonable probability is a "probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.   A petitioner must show a "substantial, not just conceivable, likelihood of a different result."   Cullen v. Pinholster, --- U.S. ----, 131 S.Ct. 1388, 1403 (2011) (citation omitted).   Petitioner must "affirmatively prove

prejudice" to meet the second prong of an ineffective assistance of counsel claim. <u>Strickland</u>, 466 U.S. at 693.

If a petitioner does not satisfy both prongs of the <u>Strickland</u> test, "he will not succeed on an ineffective assistance claim." <u>Zamora v. Dugger</u>, 834 F.2d 956, 958 (11th Cir. 1987). <u>See also</u> <u>Weeks v. Jones</u>, 26 F.3d 1030, 1037 (11th Cir. 1994). Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance. <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing <u>Strickland</u>, 466 U.S. at 697).

Here, Petitioner fails to show prejudice resulting from his counsel's failure to object to the sentencing enhancements. As set forth above, <u>Johnson</u> does not afford Petitioner relief from the imposed sentences. As Petitioner's sentences remain valid after <u>Johnson</u>, he fails to meet the second prong of the <u>Strickland</u> test.

II. Petitioner's Remaining Claims

Petitioner contends that his remaining claims of an involuntary plea and ineffective assistance of counsel related to his guilty plea and in failing to file an appeal are timely under § 2255(f)(3) and (4). They are not, and the claims are therefore time-barred.

Section 2255(f)(3) provides that the statute of limitations runs from "the date on which the right asserted was initially

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner contends that Alleyne v. United States, 133 S.Ct. 2151 (2013), Descamps, United States v. Windsor, --- U.S. ----, 133 S.Ct. 2675 (2013), and Missouri v. Frye, 132 S. Ct. 1399 (2012), were recently recognized to be applicable on collateral review. That is not the case.

In Alleyne, the Supreme Court found that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Id. at 2155. Alleyne is not retroactive on collateral review. Jeanty v. Warden, FCI Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) ( per curiam); accord King v. United States, 610 Fed. Appx. 825, 828 (11th Cir.) (affirming district court's finding that § 2255 motion was timed-barred where Alleyne is not retroactive and collateral review), cert. denied, 136 S.Ct. 349 (2015).

In Descamps, the Supreme Court addressed whether a prior conviction under the California burglary statute qualified as a "violent felony" under the residual clause of the Armed Career Criminal Act. The Supreme Court clarified that the modified categorical approach could not be applied to indivisible statutes that criminalize a broader range of conduct than the ACCA. Descamps, 133 S.Ct. at 2293. Notably, Descamps did not announce a "new" constitutional rule and is not applicable on collateral

review.  <u>Abney v. Warden</u>, 621 Fed. Appx. 580, 584 (11th Cir. 2015)
(affirming decision to dismiss § 2241 petition); <u>King</u>, 610 Fed.
Appx. 828-29 (finding <u>Descamps</u> does not apply on collateral review
and motion was not timely under § 2255(f)(3)).

 <u>Missouri v. Frye</u> also did not announce a new rule of
constitutional law.  <u>In Re Perez</u>, 682 F.3d 930, 934-934 (11th Cir.
2012) (per curiam).  Finally, <u>Windsor</u>, in which the Supreme Court
found the Defense of Marriage Act unconstitutional, is wholly
inapplicable to Petitioner's case.  As Petitioner claims do not
involve a right newly recognized by the Supreme Court and made
retroactive on collateral review, he cannot avail himself of a
delayed start to the one-year limitation under § 2255(f)(3).

 Petitioner also contends that these claims are timely pursuant
to § 2255(f)(4).  That section provides that the limitations period
runs from "the date on which the facts supporting the claim or
claims presented could have been discovered through the exercise of
due diligence."  28 U.S.C. § 2255(f)(4).

 First, a § 2255 motion based on counsel's failure to file a
requested direct appeal could be considered timely under §
2255(f)(4) if the movant files within one year of the date "when
the facts *could have been discovered* through the exercise of due
diligence, not when they were *actually* discovered." <u>Aron v. United
States</u>, 291 F.3d 708, 711 (11th Cir.2002).  With regard to his
claim of ineffective assistance of counsel in failing to file an

appeal, Petitioner does not even argue that he filed his § 2255 motion within one year of actually discovering his attorney did not file a direct appeal. In fact, Petitioner never states that he was <u>ever</u> <u>unaware</u> of his attorney's failure to file an appeal let alone that he was unaware of that fact for years. To the contrary, Petitioner states that when he requested his attorney file an appeal "counsel did state that the Petitioner had waived all of his rights away and had nothing to appeal because he had pled guilty." (Cv-D-2, p. 24.) He further contends that his counsel actually refused to file an appeal. (<u>Id.</u>) According to Petitioner, after his repeated requests at sentencing for his counsel to file an appeal, Petitioner tried to contact counsel by telephone but counsel would not answer his calls. (Cv-D-2, p. 23.) He actually admits that "based on his counsel's misguidance and ill-advice, [Petitioner] never appealed his issues that he wanted the appeal court to hear...." (Cv-D-2, p. 5.)

Thus, it appears from Petitioner's own statements that he was actually aware on the date of his sentencing in March 2007, or shortly thereafter, that his counsel did not intend to file an appeal. As such, his § 2255 motion filed eight years later is untimely.

Even assuming Petitioner was not actually aware in the spring of 2007 that his attorney failed to file an appeal, he raises no legitimate reason consistent with due diligence as to why he could

not have learned of the failure to file an appeal earlier.  A notice of appeal is public information that Petitioner could have found on the docket or by simply calling and inquiring of the District Court Clerk's Office or the Court of Appeals.  Petitioner, however, fails to present any evidence that he attempted to contact either the Clerk's Office to request the case number or status of his appeal or the Court of Appeals regarding the status of his appeal.  Petitioner fails to present any evidence of any effort he made to determine whether an appeal had been filed during the eight year period between Petitioner's sentencing and the filing of his motion.  The Court therefore finds Petitioner fails to demonstrate due diligence.

Petitioner does not assert that he is entitled to equitable tolling.  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with due diligence."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).  A prisoner has not shown reasonable diligence and therefore is not entitled to equitable tolling where the petitioner fails to show he made any attempt to contact the court to learn about the resolution of his case or anyone else to complain that his counsel was not responding to him.  San Martin v. McNeil, 633 F.3d 1257, 1270 (11th Cir. 2011).  Equitable tolling is not appropriate in this instance as Petitioner has failed to meet his burden of demonstrating both

diligence and the existence of extraordinary circumstances beyond his control which made it impossible for him to timely file his motion relating to his attorney's failure to file an appeal.

Finally, Petitioner provides no explanation how his claims of an involuntary plea and ineffective assistance relating to his guilty plea are timely under § 2255(f)(4).  He asserts no facts as to when he allegedly learned that he would not have faced a mandatory life sentence had he proceeded to trial.  Nor has he alleged any facts demonstrating due diligence on his behalf in attempting to discern the information.

The fact that Petitioner never faced a mandatory life sentence certainly could have been discovered with the exercise of due diligence years many before Petitioner filed his § 2255 motion.[9] Under the circumstances, neither § 2255(f)(4) nor equitable tolling is applicable to Petitioner's involuntary plea and related ineffective assistance claims under the circumstances.  These

---

[9] The information was discoverable with due diligence before Petitioner even entered his guilty plea.  The Government's June 17, 2006 Information and Notice of Prior Conviction advised Petitioner that he faced a mandatory term of imprisonment of 20 years as to Counts One and Two and a <u>maximum</u> of life imprisonment. (Cr-D-29.) In the October 11, 2006 Notice, the Government advised Petitioner that the <u>maximum</u> term of imprisonment as to each Count was life, but that there was a mandatory minimum sentence of 20 years as to Counts One and Two, a minimum sentence of five years as to Count three, and a mandatory minimum sentence of 15 years as to Count Six.  (Cr-D-67.)  Magistrate Judge Pizzo similarly advised Petitioner at his guilty plea of the minimum and maximum penalties associated.  (Cr-D-190, p. 6-7.)

claims are therefore untimely under § 2255(f)(1).

IT IS ORDERED that:

(1)   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-155) is DENIED in part and DISMISSED as untimely in part.

(2)   Petitioner's Request to Supplement According to Civil Procedure Rule 15(a) in the Interest of Justice (Cv-D-12) is GRANTED in part and DENIED in part.   The Court has considered the merits of Petitioner's supplemental arguments but finds that he is not entitled to relief.

(3)   The Clerk is directed to CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.   A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability (COA).   Id.   "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."   Id. at § 2253(c)(2).   To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

<u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in forma pauperis</u>.

DONE AND ORDERED at Tampa, Florida this *10th* day of February, 2016.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE